McKinney, J.,
delivered the opinion of the Court.
*379 This is a writ of error, prosecuted by Benjamin Bently, to reverse a judgment of the Circuit Court of Cumberland county, recovered by the defendant in error, against the plaintiff in error and one B. E. Bently, jointly, as is alleged.
It appears that an action of debt was commenced by Hurx-thal against Benjamin Bently and B. E. Bently, jointly. The summons was returned executed on the former, and “ not found,” as to the latter. Both were declared against, however, and throughout the record, in stating the case, the names of both are continued. In the verdict it is stated, that the “ defendants” owe the debt; and the judgment of the Court is, that the plaintiff recover of the “ defendant,” &c.
B. E. Bently does not join in the prosecution of this writ of error.
It is insisted for the plaintiff in error, that the judgment, as to him, is erroneous; and that as to B. E. Bently, it is absolutely void: And such was the settled course of decision previous to the act of 1851 — 2, ch. — . But by that act it is declared, among other things, that no judgment or decree shall be reversed in the Supreme Court, “ unless for errors which affect the merits of the judgment, decision, or decree complained of.” See Code, sec. 4516.
The question, then, is, does the error assigned affect the merits of the judgment, so far as Benjamin Bently is concerned ; for B. E. Bently does not complain of the judgment, and with the question, as to him, we have nothing to do, at present.
The rule, that a judgment is an entire thing, and, therefore, if void as to one party, cannot be allowed to stand as to any of the other parties, is a purely technical one. A judgment may be correct in all respects as to one party, and altogether erroneous, or void, as to another joint party, as in the case under consideration; and in such case, there is no sufficient reason why the party rightfully charged should be discharged, merely on the ground that another party was wrongfully made liable by the same judgment. This is certainly the just and common sense view of the question, at least, in *380 all such cases as the present, where the legal liability of the parties is several, as well as joint, and either, or both, may he sued, at the the election of the plaintiif.
But, without reasoning upon the subject, it is sufficient for us to say, that we are denied the power to reverse for mere technical reasons, not affecting the merits of the judgment. In the case before us, the merits of the judgment are not in any respect affected, as regards the party now complaining, by the alleged error. And, perhaps, the proper construction, upon the whole record, would be, that the verdict and judgment are to be taken as having been rendered only against Benjamin Bently, the party regularly before the Court by proper service of process; rejecting the use of the word “ defendants,” in the plural, as a mere clerical error.
The result is, that there is no error in the judgment, and the writ of error will be dismissed.